# ZIMMERMAN & WEISER LLP
INTELLECTUAL PROPERTY ATTORNEYS
226 ST. PAUL STREET
WESTFIELD, NJ 07090
TEL: (908) 654-8000
FAX: (908) 654-7207
www.iplcounsel.com

WRITER'S E-MAIL
jmz@iplcounsel.com

August 8, 2013

VIA FACSIMILE AND ECF
Hon. Tonianne J. Bongiovanni, U.S.M.J.
Clarkson S. Fisher Federal Bldg. & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

    Re:    *Diebold, Incorporated v. Content Extraction and Transmission LLC, et al.*,
              Civil Action No. 12-cv-7640 (MAS)(TJB) (the "*Diebold Action*")

    Re:    *Content Extraction and Transmission LLC v. Wells Fargo Bank,
              National Association*,
              Civil Action No. 12-cv-2501 (MAS)(TJB) (the "*Wells Fargo Action*")

    Re:    *Content Extraction and Transmission LLC v. The PNC Financial
              Services Group, Inc. et al.*
              Civil Action No. 12-cv-6960 (MAS)(TJB) (the "*PNC Action*")

Dear Judge Bongiovanni:

       We represent Content Extraction and Transmission LLC ("CET") in the above-identified cases. We are writing in response to the letter of Diebold Incorporated's ("Diebold") counsel Mr. Roy Wepner to the Court dated July 26, 2013 (Dkt. 72) to clarify our arguments regarding the status of CET's Counterclaims against Diebold and claims against additional parties (TD Bank Group, TD Bank, N.A. and John Doe Companies 1-99).

       After CET filed its Counterclaims (Dkt. 66), Diebold moved to strike the Counterclaims (Dkt. 68) because, according to Diebold, the Counterclaims were not filed as part of a "pleading." To make this issue moot, CET filed Amended Counterclaims as part of its Answer (Dkt. 69) to Counts 1 and 2 of Diebold's First Amended Complaint ("FAC"). Diebold again objected (Dkt. 72), asserting that Local Civil Rule 12.2 does not allow filing of an Answer until 14 days after entry of the Court's order resolving CET's motion to dismiss Counts 3 and 4 of Diebold's FAC (Dkt. 41). Diebold's position is wrong for at least two reasons.

First, Local Civil Rule 12.2 does not say that a party cannot file an answer to counts not subject to a pending motion to dismiss. The Rule says only that if a party chooses not to answer certain counts because it has sought dismissal of other counts, it shall have to file its answer to the unanswered counts 14 days after the entry of an order resolving the motion. The comment to Local Civil Rule 12.2 is dispositive on this issue: "[Rule 12.2] clarifies that a motion to dismiss fewer than all counts of the complaint will <u>toll</u> the obligation to file an answer to those claims which are not covered by the motion." (Emphasis provided.) The Rule <u>tolls</u> the obligation to file a responsive pleading; there is nothing in the rule that prevents filing a responsive pleading <u>before</u> the deadline. Indeed, Diebold's reading of the Rule is that there is one and only one day for filing a responsive pleading – precisely 14 days after the entry of the Court's order resolving the motion to dismiss. This reading serves no useful purpose, is illogical, and contradicts explicit language of the comment that explains Local Civil Rule 12.2.

Second, the original Counterclaims (Dkt. 66) were filed together with claims for relief against additional parties. In this Circuit, a counterclaim "may be asserted only against an 'opposing party.'" *Wells v. Rockefeller*, 728 F.2d 209, 214 (3rd Cir. 1984). It follows that the joinder of additional parties (under Fed. R. Civ. P. 19) made the paper filed on July 5, 2013 (Dkt. 66) not merely a counterclaims document, but also a complaint against the additional parties under Fed. R. Civ. P. 19 – in other words, a "pleading" as defined in Fed. R. Civ. P. 7(a)(1). The original Counterclaims were therefore properly filed as part of a pleading. The Amended Counterclaims (Dkt. 69) were properly filed as part of CET's Answer to Counts 1 and 2 of Diebold's FAC, and also as part of the claims for relief against the additional parties; they were properly filed as part of two pleadings.

CET is cognizant of this Court's recent decision in the *PNC Action* holding CET's patents invalid under 35 U.S.C. § 101. Because the Counterclaims in the Diebold Action are based on the same patents, CET expects that if this Court considers the Counterclaims on the merits, the Court will similarly dismiss them. If the invalidation of CET's patents becomes an unreviewable matter, the issues regarding the Counterclaims addressed in this letter may be moot. Otherwise, these issues may become of consequence in future proceedings. Accordingly, CET respectfully requests this Court to deny Diebold's motion to strike the Counterclaims.

Respectfully submitted,

Jean-Marc Zimmerman

JMZ/bw
cc:  Counsel of Record (via ECF)