## ZIMMERMAN & WEISER LLP
INTELLECTUAL PROPERTY ATTORNEYS
226 ST. PAUL STREET
WESTFIELD, NJ 07090
TEL: (908) 654-8000
FAX: (908) 654-7207
www.iplcounsel.com

WRITER'S E-MAIL
jmz@iplcounsel.com

September 25, 2013

<u>VIA ECF</u>
Hon. Michael A. Shipp, U.S.D.J.
U.S. District Court
Clarkson S. Fisher Federal Bldg. & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

    Re:    *Diebold, Incorporated v. Content Extraction and Transmission LLC, et al.*,
<u>Civil Action No. 12-cv-7640 (MAS)(TJB)</u>

    Re:    *Content Extraction and Transmission LLC v. The PNC Financial Services Group, Inc. et al.*
<u>Civil Action No. 12-cv-6960 (MAS)(TJB)</u> ("*PNC Action*")

    Re:    *Content Extraction and Transmission LLC v. Wells Fargo Bank, National Association,*
<u>Civil Action No. 12-cv-2501 (MAS)(TJB)</u> ("*Wells Fargo Action*")

Dear Judge Shipp:

       We represent Content Extraction and Transmission LLC ("CET") and are writing in response to the letter to Your Honor from Roy H. Wepner, counsel for Diebold, Incorporated ("Diebold"), dated September 18, 2013 (Dkt. 81).

       Mr. Wepner's letter appears to be a motion for the Court to enter a judgment under Fed. R. Civ. P. 54(b). However, the motion has not been properly noticed, there being no specified return date. It is therefore improper. In this letter, we address some (not all) of the deficiencies in Mr. Wepner's letter and Diebold's proposed Final Judgment (Dkt. 81).

       First, the parties have been unable to reach agreement as to the proper mechanism to resolve CET's pending counterclaims (Dkt. 66 and 69) in light of Diebold's pending

motion to strike (Dkt. 68 and 72) the counterclaims. Diebold's position has been that the counterclaims have not been submitted properly, and therefore must be stricken. CET believes that Diebold's motion to dismiss or strike the counterclaims should be addressed before the Court enters a final judgment and dismisses the counterclaims on the merits. Unless the counterclaims are properly before the Court, an appeal of any substantive ruling regarding the counterclaims would amount to a request for an advisory opinion. Indeed, Mr. Wepner made it clear that Diebold wishes to preserve the right to the relief it has asked for (to have the counterclaims stricken), in the event the holding of invalidity of the Group I patents is reversed on appeal.

Second, Diebold also asserts that CET's Answer to Counts 1 and 2 (Dkt. 69) of Diebold's First Amended Complaint ("FAC") (Dkt. 24) is without legal effect, and has moved (Dkt. 72) to strike the Answer. CET respectfully submits that this issue should also be resolved before any final judgment on Counts 1 and 2 can be entered. A judgment entered before a litigant has had an opportunity to file a pleading would be anything but final.

Third, the proposed Final Judgment confounds infringement with validity. Because the patents have been found invalid, there is no need to refer to the issue of infringement.

Fourth, in Counts 1 and 2 of the FAC Diebold seeks a Declaratory Judgment with respect to "CET Patents" – all seven of them. The proposed Final Judgment, however, addresses only the four Group I patents on the merits, and potentially delays a decision regarding the other three patents for another day – which may or may not come. Under Rule 54(b), however, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . ." The Rule does not authorize entry of a final judgment as to <u>part</u> of a claim.

Fifth, the proposed Final Judgment does not include any findings of fact to support the conclusion that "there is no just reason for delay." Although such findings generally do not constitute a jurisdictional prerequisite, they are "a prophylactic means of enabling the appellate court to ensure that immediate appeal will advance the purposes of the rule." *Carter v. City of Philadelphia*, 181 F.3d 339, 345 (3rd Cir. 1999). Moreover, the absence of the findings supporting certification pursuant to Rule 54(b) may be a jurisdictional bar if the propriety of appeal is not otherwise discernible from the record. *See id.* at 346 ("the absence of an explanation by the district court does not pose a jurisdictional bar when the propriety of the appeal may be discerned from the record.").

Finally, the Court has scheduled a hearing on CET's motion to dismiss Counts 3 and 4 (Dkt. 41) of the FAC on October 2. It appears that the Court's decision regarding Counts 3 and 4 is imminent. CET respectfully submits that the issues bearing on any judgment under Rule 54(b) are likely to become clearer after the Court's decision.

      For the foregoing reasons, CET respectfully requests that the Court not enter the proposed Final Judgment submitted by Diebold.

Respectfully submitted,

*Jean-Marc Zimmerman*

Jean-Marc Zimmerman

JMZ/bw
cc:    Joe Casello, Esq.
         Roy H. Wepner, Esq.